# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRANDON ANDRUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16CV256 SNLJ |
| | ) | |
| LARRY PORTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Brandon Andrus's motion for leave to commence this civil action without prepayment of the required filing fee. The Court has reviewed the motion and the financial information submitted therewith, and will assess an initial partial filing fee of $1.00. In addition, the Court has reviewed the complaint, and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff has submitted an uncertified "resident account summary" showing his institution account activity for the period of September 14, 2016 through October 26, 2016. The Court will require plaintiff to pay an initial partial filing fee of $1.00, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## 28 U.S.C. § 1915(e)(2)(B)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the

complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

### The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Larry Porter, Steve Everingham, and Scott Scarborough. For his statement of claim, plaintiff alleges: "Investigators lacked reasonable suspicion for initial stop." (Docket No. 1 at 5). Plaintiff then states generally that the Fourth Amendment prohibits unreasonable searches and seizures, and cites legal authority in support. Plaintiff includes no facts whatsoever regarding the circumstances giving rise to this complaint. For his prayer for relief, plaintiff asks the Court to dismiss the criminal charges against him, and for punitive damages against the defendants.

### Discussion

Plaintiff is before the Court in forma pauperis, meaning the Court has a duty to dismiss the case at any time if it determines that fails to state a claim upon which relief can be granted, is frivolous, or malicious. 28 U.S.C. § 1915(e)(2). Upon consideration, the Court determines that plaintiff's complaint is subject to dismissal because plaintiff has failed to state a claim upon which relief can be granted. To state an actionable claim for relief, a plaintiff must allege facts

which, if proven true, would entitle him to some redress against the named defendants. While legal conclusions can form the framework of a complaint, they must be supported by factual allegations. *Iqbal*, 129 S. Ct. at 1950. In the case at bar, plaintiff has alleged no facts whatsoever showing that any defendant violated any federal constitutional right. While federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"); *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

Dated this 14th day of November, 2016.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE